MENTZ v. SECOND AVENUE RAILROAD COMPANY.

March, 1869.

*Affirming 2 Robt. 356.*

In an action against a city railroad company to recover damages for running over the plaintiff, who stumbled and fell upon their track in crossing the street, it is not material that the plaintiff did not look to see whether a car was approaching before he attempted to cross, if there was when he started abundance of time under ordinary circumstances to cross the track before the car would reach him. The rule requiring care and diligence on the part of the plaintiff does not require him to anticipate the possibility of an accidental fall at an ordinary crossing.

In such an action it is not necessary, in order to prove the driver to have been negligent, to show that he actually saw the plaintiff lying on the track. Ordinary care is not sufficient under such circumstances.

. John Mentz, by Conrad Mentz, his guardian, sued the Second Avenue Railroad Company of the city of New York, in the New York superior court, to recover damages for an injury to the plaintiff by the cars or horses of the defendants. On August 3, 1859, the plaintiff suffered an injury upon the track of the defendants' road, by being thrown down, or run over, which resulted in the amputation of his arm. The jury gave a verdict for the plaintiff of four thousand five hundred dollars.

At the time of the occurrence of the injury complained of, the plaintiff was a lad of about eight years of age. The theory upon which he claimed to recover, and which was sustained by the jury, was this: that, having occasion to cross Chrystie-street, in the city of New York, he started in reasonable time

to accomplish that purpose; that when he reached the defendants' railroad track, which was laid in that street, he stumbled and fell; that by the fall his knee was so much injured that he had great difficulty in rising; that, at the instant of his fall, the defendants' car was approaching at a rapid rate, and was at the distance of thirty or forty feet from him when he fell; that the driver was talking with persons upon the platform, with his back towards his horses, and that, before the plaintiff could recover himself, he was struck by the horses, thrown down, and the injury inflicted. An intelligent account of the transaction was given by Stephen Hans, who testified, that as he was coming down Chrystie-street, he saw the boy fall on the railroad track; that the car was coming up from Grand-street; that the driver's face was turned round, and he was in conversation with some person on the platform of the car, and his face was towards the inside of the car; that the boy had fallen on the track in the middle of the street; that the car was about thirty-five feet from him when he fell; that the boy had hurt himself when he fell, and before he could get away, the car had come up, and the horse went over his arm; and that before the car came near to the boy, he heard persons call out to the driver to stop.

The theory of the defense was: that the accident occurred solely through the negligence of the plaintiff; that, with other boys, he attempted to run across in front of the car, and directly against the horses, and was thus thrown under their feet. The driver testified, that several boys were being chased away by a man, and they made a dash, some one way and some another, and one of them (the plaintiff) ran almost abreast of the horses, and there was no possibility of braking the car before the horses knocked him down; that he heard no person halloo to him to stop; that he was attending to his business at the time; that there was only one passenger on the platform; that he had one hand hold of the lines, the other on the brake, and his eyes on his horses, and that he was not talking to any one. The theories of the parties were in direct conflict, and the claim of each was sustained by numerous witnesses.

*The superior court,* on appeal from the judgment and the

order denying a new trial, held, that one crossing a highway is not negligent in not anticipating an accident which may leave him helpless, and is not bound to refrain from crossing merely because a car drawn by horses is likely to strike him in case he should fall on the track by some such accident, and lie there unable to rise; because such a result is out of the usual course of events, and not such as the pedestrian is bound, in the exercise of ordinary care, to anticipate and provide for. Defendants appealed.

*John Slosson*, for the defendants, appellants;—On the question of negligence,—cited, Haring *v.* New York & Erie R. R. Co., 13 *Barb.* 9; Spencer *v.* Utica & Schenectady R. R. Co., 5 *Barb.* 337; Wilds *v.* Hudson River R. R. Co., 29 *N. Y.* 315; Wells *v.* New York Central R. R. Co., 24 *N. Y.* 181; Steves *v.* Oswego & Syracuse R. R. Co., 18 *N. Y.* 422; Curran *v.* Warren, 36 *N. Y.* 153; Gordon *v.* Grand-street R. R. Co., 40 *Barb.* 546, 548; Ernst Cases, 24 *How. Pr.* 97; 35 *N. Y.* 9; and especially the last decision of this court (reported in 39 *N. Y.* 61; S. C., 36 *How. Pr.* 84); Wilcox *v.* Rome, Watertown, &c. R. R. Co., reported in 39 *N. Y.* 358. To the point that the youth of the plaintiff makes no difference in the application of the rule, see Burke *v.* Broadway & Seventh-ave. R. R. Co., 49 *Barb.* 529.

*S. Springarn*, for the plaintiff, respondent;—As to the conflict of the testimony,—cited, Seibert *v.* Erie R. Co., 49 *Barb.* 583; Lomer *v.* Meeker, 25 *N. Y.* 361; Deyo *v.* New York Central, 34 *N. Y.* 9; Cotton *v.* Wood, 98 *Com. Law*, 566; Toomey *v.* London, &c. R. Co., 91 *Com. Law*, 146.

HUNT, Ch. J. [After stating the facts as above.]—If the plaintiff's theory was credited by the jury, he was plainly entitled to a verdict. If the defendants' theory was credited, it was equally plain that the plaintiff must fail. It was a case for the determination of the jury, and the motion for a nonsuit was properly denied.

Upon submitting the case to the jury, the judge charged at length upon the law of the case, and in some respects more favorably to the defendants than the law would authorize. As

the plaintiff makes no complaint, it is not necessary to discuss those propositions. Some requests were made by the defendants which the judge refused to charge, and these it will be necessary to consider. 1. He was requested to charge in these words: "The fact, conceded by himself, that the plaintiff did not, before attempting to cross the track, look either up or down the street to see if a car was approaching, was negligence on his part, which, under the evidence in the case, precludes his recovery." On the defendants' theory that the cars were close upon him, and that he was immediately struck by them, this request was a reasonable one. But if there was an abundance of time, under ordinary circumstances, to cross the track before a car would reach him, or if the plaintiff could see a car approaching at the distance of thirty or forty feet without looking up or down, and if the plaintiff's position on the track arose from an accidental fall, and an injury which delayed him in arising, then it was not important that he had not looked up or down before attempting to cross the street. The accident had not occurred from the want of such looking up or down. To fall by accident, by sickness, by the interference of another, by means of a broken rail, or by stumbling, is not a result that a prudent man is bound to anticipate or provide for in crossing a public street. He is not bound to allow for such an occurrence in crossing a street, much less is such provision required of a lad of the age of eight years. Upon the occurrence of an injury to him under such circumstances, he has been guilty of no negligence contributing to the result. We have held in several cases, that less prudence and precaution are to be expected from a lad of such an age than of a person of maturity, and that others, in their relations to him, must act accordingly. O'Mara v. Hudson R. R. Co., 38 N. Y. 445; Mangam v. Brooklyn City R. R., Id. 455; Sheridan v. Brooklyn City R. R. 36 Id. 39.* The judge had already charged that the plaintiff must be free from any negligence, and that the greatest negligence of the defendants would not excuse the least negligence on the part of the plaintiff. The exception was not well taken.

2. The judge was requested to charge that "the fact, conceded

---

* Compare Honegsberger v. Second-ave. R. R. Co., vol. 2, p. 378, of this series, and cases cited.

by himself that the plaintiff neither saw nor heard the car, was, under the testimony, conclusive evidence of negligence on his part which precludes a recovery." This was but a different form of stating the first proposition, and the answer to it is the same.

3. The judge was requested to charge that "the fact of the plaintiff having fallen on the track, does not affect the question of the defendants' negligence, unless accompanied with evidence of the driver's having actually seen him on the track, in time to have stopped the car before reaching him." This proposition cannot be maintained. If a child falls upon a track and is unable immediately to arise therefrom, and being then upon the track, is run over by the defendants' car, having ample time for its stoppage, and the driver, engaged in conversation with the passengers, with his back towards the horses, by reason of this occupation does not actually see the child before he is run over, is this negligence on the part of the company? I can imagine none more palpable and gross.

4. The judge was requested to charge, that the "jury must be satisfied not only that the boy fell on the track and the driver's face was averted so that he could not see him as he lay, but that if he had seen him the car could have been stopped by the driver in the exercise of ordinary care, in time to prevent the collision." The charge was made, omitting the words "with ordinary care."

Ordinary care is not sufficient under such circumstances. If a human being is seen by an engineer or by a driver lying upon a railroad track, it is his duty to exercise the very highest care, and to make the greatest effort to avoid his destruction.

That ordinary care and reasonable diligence which would suffice to protect a bale of goods, is far below the standard of duty required on such an occasion. This doctrine is laid down in all the cases as to locomotive trains, and the principle is the same as to horse cars. The care and attention must be in proportion to the damages or injury. The very best means of protection must be furnished by the company to their agents, and the agents must use them in the most skillful and careful manner.

It is somewhat singular that neither party proved within

what space the car could have been broken up. It appears to have been assumed that the jury were familiar with the subject, and that the car could have been readily stopped within the space of thirty or forty feet.

Judgment should be affirmed.

LOTT, J. [After stating the nature of the action.]—The principal questions arise on the motions made to dismiss the complaint when the plaintiff rested his case, and again when all the testimony was given. Both of these motions were denied, and I think properly.

Assuming, as the plaintiff's own testimony justifies us in doing, that he did not look up and down the street to see if a car was coming, that fact alone did not, under the proof, properly charge him with negligence. The testimony given, before the plaintiff rested, in its most favorable aspect to the defendants, showed that the car, when the plaintiff fell, was "about fifteen steps (of twenty-eight inches each) from him." That is thirty-five feet. It cannot be claimed, as a conclusion of law, that he could not have crossed the track before that distance was traversed in the usual rate of traveling, or that there was negligence in endeavoring to do so. It seems idle to say that the mere omission to look up or down the track is negligence, if it is shown that, at the time, a car on the horse railroad was three or four blocks distant, or, in other words, when it was in fact so far off that such looking could not have prevented the crossing, or, in the ordinary course of using the road, would not have imposed the duty of stopping till the car was passed.

The case was not altered in its legal aspect, so far as the motion for a nonsuit was concerned, by the defendant's evidence. It presented a conflict between the statement of the witnesses, and of such a serious difference, that the court could not assume that the defendants' evidence was correct and absolutely controlling.

The judge charged the jury that if that evidence was correct, the plaintiff could not recover. That direction was as favorable to the defendants as they can claim. In no view of the testimony would a nonsuit have been proper. The charge was very fair and liberal, indeed, to the company, and no exception was taken thereto. The propositions asked to be charged and

refused, were properly refused, in the terms presented, and as modified were not the proper subject of a complaint.

Upon the whole, after a careful examination of the evidence and a full consideration of the appellants' points and argument, I concur in the opinion of the judge at the general term of the supreme court.

Judgment should be affirmed, with costs.

All the judges present concurred.

Judgment affirmed, with costs.